BARNEY, Respondent, v. MORRISSEY, Appellant.

(172 N. W. 501).

(File No. 4514.   Opinion filed May 13, 1919.)

1.   **Appeals—Error—Unexcepted-to Instructions, As Law of Case.**

Where, on appeal there are no specifications or assignments questioning correctness of instructions, the instructions given are, as against appellant, the law of the case.

2.   **Sales—Warranty of Mare Re In Foal, Re Soundness, Evidence Re Damages Covering Both, Sufficiency of Evidence—Instruction, No Exceptions, Effect.**

In a suit on contract for sale of a mare, for breach of warranty as to soundness and as to her being in foal; defendant claiming that all evidence as to damages coupled the two alleged defects; court having instructed that the representation as to the mare being in foal was in effect a warranty; there being ample evidence to support the verdict under instructions given,

held, that the instruction, if erroneous, was not subject to appellant's objection, he not having excepted thereto.

3. **Evidence—Exclusion Of, Subsequent Evidence Along Same Line, Curative Effect Of.**

If there was error in excluding evidence, it was cured by later receipt of evidence along same line sought by the questions asked.

4. **Same—Objections, "Immaterial, Irrelevant," Futility Of.**

To object that evidence sought is immaterial, or irrelevant, without pointing out why it is so, presents nothing to trial court.

5. **Same—Objection, "No Foundation Laid," Witness's Qualifying Testimony, Effect.**

Objection to testimony that no proper foundation had been laid, is futile where witness had testified to ample facts upon which to base answer to questions asked.

6. **Same—Breach of Warranty—Value of Sound Mare at Time of Trial, Stricken Testimony Re, Effect.**

Where, in a suit for damages for breach of warranty of soundness of a mare, testimony of defendant as to value of the mare at time of trial, was properly stricken out; such evidence being immaterial.

Appeal from Circuit Court, Lyman County. HON. WILLIAM WILLIAMSON, Judge.

Action by M. V. Barney, against Joseph Morrissey, to recover damages for breach of warranty in the sale of a mare. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*N. R. Furlong,* and *Bartine & Bartine,* for Appellant.

*Brown & Brown,* for Respondent.

WHITING, J. Plaintiff bought a span of mares of defendant and he seeks damages for alleged breach of warranty as to soundness of one mare and for alleged false representation as to said mare being in foal. Verdict and judgment for plaintiff. From such judgment and an order denying a new trial this appeal was taken.

[1] All specifications and assignments of error, except one, question the rulings upon admission of evidence; the other questions the sufficiency of the evidence to support the verdict. No specification or assignment questions the correctness of the instructions; such instructions therefore are, as against appellant, the law of the case.

[2] Appellant contends that there was no evidence that defendant warranted the mare to be in foal and that there was no evidence to show the amount of damage from breach of warranty of soundness alone, that all evidence as to damages coupled the two alleged defects in the estimate as to damages. The court, by its instructions, assumed that the representation as to the mare being in foal was in effect a warranty. If such instruction was erroneous it should have been excepted to. There was ample evidence to support the verdict under the instructions given.

[3-6] If there was any error in excluding evidence it was cured by the later receipt of evidence along same line sought by questions asked. The objections interposed by appellant to evidence were that such evidence was immaterial and irrelevant, with, in most cases, the added ground that no foundation was laid. To object that the evidence sought is immaterial or irrelevent, without pointing out why immaterial or irrelevant, presents nothing to the trial court. There was no merit in the objection that no proper foundation had been laid. The witness had, in each case, testified to ample facts upon which to base answers to questions asked. Defendant testified to value of sound mare. On motion this testimony was stricken out. This ruling was correct because the evidence was absolutely immaterial, and especially so because it gave the value at time of trial.

The judgment and order appealed from are affirmed.